UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KYLE AVERY,

        Plaintiff,

   v.

TIM VIRGA et al.,

        Defendants.

No.  2:14-cv-0287 DAD P

ORDER

      Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

      Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

      Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

## SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

/////

1  The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**PLAINTIFF'S COMPLAINT**

In the present case, plaintiff has identified as defendants Warden Virga, Sergeant Rustard, Sergeant Niskanen, various appeals examiners and coordinators, and John/Jane Doe. Plaintiff's primary complaint is that defendant John/Jane Doe, a former mailroom inspections officer at CSP-Sacramento, interfered with the processing of his mail. According to plaintiff, defendant John/Jane Doe interfered with his mail as a form of retaliation for plaintiff's filing of inmate appeals against him. Plaintiff alleges that the other named defendants reviewed plaintiff's inmate appeals concerning John/Jane Doe's alleged misconduct and allowed that misconduct to continue. As a result, plaintiff alleges that he was not able to mail certain inmate appeals to satisfy the PLRA exhaustion requirement, and at least one of his court cases was dismissed due to his failure

to prosecute. Plaintiff asserts claims for retaliation and denial of access to courts. (Compl. Attach. 8-37)

## DISCUSSION

The allegations in plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant plaintiff leave to file an amended complaint.

If plaintiff chooses to file an amended complaint, he must clarify what constitutional right he believes each defendant has violated and support each claim with factual allegations about each defendant's actions. In this regard, plaintiff must allege facts demonstrating how the conditions complained of resulted in a deprivation of plaintiff's federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff's complaint suffers from a number of deficiencies. First, plaintiff's primary complaint is against John/Jane Doe for allegedly interfering with his mail. However, "[a]s a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Plaintiff is advised that the court cannot order service of his complaint on any defendant not actually identified by name in his amended complaint.

In addition, plaintiff has named a number of prison officials as defendants in this action based solely on how they responded to his inmate appeals concerning John/Jane Doe's alleged conduct. Plaintiff is advised that prison officials are not required under federal law to process inmate grievances in a specific way or to respond to them in a favorable manner. It is well established that "inmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). See also, e.g., Wright v. Shannon, No. CIV F-05-1485 LJO YNP PC, 2010 WL 445203 at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment); Walker v. Vazquez, No. CIV F-09-0931 YNP PC, 2009 WL 5088788 at *6-7 (E.D. Cal. Dec. 17, 2009) (plaintiff's allegations that prison officials failed to timely process his inmate appeals failed to a state cognizable under the Fourteenth Amendment); Towner v. Knowles, No. CIV S-08-2833 LKK EFB P, 2009 WL 4281999 at *2 (E.D. Cal. Nov. 20, 2009) (plaintiff's allegations that prison officials screened out his inmate appeals without any basis failed to indicate a deprivation of federal rights).

Turning now to plaintiff's constitutional claims, insofar as plaintiff is attempting to assert a First Amendment retaliation claim, it is well established that filing administrative grievances and pursuing litigation in this court are protected activities. See Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005). Prison officials may not retaliate against prisoners for doing so. See id. at 568. However, the Ninth Circuit has made clear:

> Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

Id. at 567-68. See also Huskey v. City of San Jose, 204 F.3d 893, 899 (9th Cir. 2000) (a retaliation claim cannot rest on the logical fallacy of *post hoc, ergo propter hoc*, literally, "after this, therefore because of this."). In any amended complaint plaintiff elects to file, he will need to clarify which defendant(s) he believes retaliated against him, describe their alleged retaliatory

conduct, and explain why he believes their conduct was motivated by, or because of, plaintiff's engagement in protected activities.

Insofar as plaintiff is attempting to assert a denial of access to courts claim, the right of access to the courts "forbids states from 'erect[ing] barriers that impede the right of access of incarcerated persons" to file civil actions that have a "reasonable basis in law or fact." Silva v. DeVittorio, 658 F.3d 1090, 1102 (9th Cir. 2011) (quoting Snyder v. Nolen, 380 F.3d 279, 290 (7th Cir. 2004) & John L. v. Adams, 969 F.2d 228, 235 (6th Cir. 1992)).  A prisoner asserting any denial of access to the courts claim must allege the anticipated or lost underlying cause of action as well an "actual injury," – "that is 'actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." See Christopher v. Harbury, 536 U.S. 403, 415 (2002); Lewis v. Casey, 518 U.S. 343, 348-49 (1996).

In any amended complaint plaintiff elects to file, he will need to specify what his lost underlying cause of action was and clarify whether he suffered any "actual injury."  Although plaintiff indicates that defendants' conduct prevented him from mailing certain inmate appeals and therefore interfered with his ability to exhaust administrative remedies and file civil lawsuits, this injury is speculative at best.  If any defendants actually interfered with his ability to exhaust his administrative remedies he would be excused from the PLRA's exhaustion requirement.  See Sapp v. Kimbrell, 623 F.3d 813, 822-23 (9th Cir. 20010).  In addition, although plaintiff indicates that one of his cases was dismissed for failure to prosecute, he also explains that the court vacated its dismissal and allowed him to proceed in the case when the warden informed the court that plaintiff's mail had been withheld.  (Compl. Attach. at 27.)

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**OTHER MATTERS**

Plaintiff has filed a motion for a thirty-day extension of time to file his form consenting or declining to consent to the jurisdiction of a United States Magistrate Judge. Good cause appearing, the court will grant plaintiff's request.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (Doc No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

5. Plaintiff's motion for a thirty-day extension of time to file his form consenting or declining to consent to the jurisdiction of a United States Magistrate Judge (Doc. No. 4) is granted.

6. Plaintiff is granted thirty days from the date of service of this order to file his form consenting or declining to consent to the jurisdiction of a United States Magistrate Judge.

7. Plaintiff's motion to screen his complaint (Doc. No. 5) is denied as unnecessary.

8. The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action.

Dated:  August 13, 2014

DAD:9
aver0287.14a

_Dale A. Drozd_
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE